UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMONDA T. ELKEY<br><br>*Plaintiff*,<br><br>*v.*<br><br>H.N.S. MANAGEMENT COMPANY, INC., ET AL.,<br><br>*Defendants*. | Civil No. 3:19-cv-01942-JBA<br><br>November 23, 2020 |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

### I.  Background

Plaintiff Ramonda T. Elkey brings suit against H.N.S. Management Company, also known as CT*Transit* and First Transit, Linda DeLallo, Cole Pouliot, and Michael Blondin alleging, in part, actions in violation of the Connecticut Fair Employment Practices Act (CFEPA), Conn. Gen. State § 46a-60, and Title VII. Before filing in the District Court, Plaintiff was required to exhaust her administrative remedies as to each named party and to obtain a release of jurisdiction from the Connecticut Commission on Human Rights and Opportunities (CHRO) and Equal Employment Opportunity Commission (EEOC). Plaintiff, while self-represented, timely filed her initial complaint naming Connecticut Transit as Respondent. She did not name the individual Defendants, DeLallo, Pouliot, and Blondin, as respondents. She did name Linda DeLallo and Cole Pouliot in her factual "particulars" on the CHRO form. (Ex. B to Defs.' Mot. to Dismiss [Doc. # 32-3] at 35.) After obtaining counsel, Plaintiff amended her complaint to add DeLallo, Pouliot, and Blondin as Respondents. Defendants DeLallo, Pouliot, and Blondin now bring this Motion to Dismiss Counts 4 and 5 against them, [Doc. # 32], under Rule 12(b)(6), arguing that Plaintiff failed to exhaust her administrative remedies as to them because, in failing to timely name them as parties in her

initial administrative complaint, she failed to meet the 180-day statute of limitations for claims filed with the CHRO. Plaintiff opposes. ([Doc. # 40].)

## II. Discussion

### A. Legal Standard

Both the Second Circuit and the Connecticut Appellate Court agree that the exhaustion requirement for claims under the CFEPA and EEOC is intended to give appropriate notice to implicated parties and opportunity for voluntary compliance with employment discrimination laws. *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir. 1991); *Malasky v. Metal Prods. Corp.*, 44 Conn. App. 446, 1149 (1997). However, both recognize an exception if the untimely-added parties have such an "identity of interest" with the initial party that the aims of the exhaustion requirement remain uncompromised. *Johnson,* 931 F.2d at 210; *Malasky*, 44 Conn. App. at 1149.

To determine if the "identity of interest" exception applies, four factors are examined:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party

*Id.* Courts also consider "the need to protect [an unrepresented plaintiff] as a party not versed in the vagaries of Title VII and its jurisdictional and pleading requirements," *Consolmagno v. Hosp. of St. Raphael*, 2011 WL 4804774 at *7 (D. Conn. 2011) (quoting *Johnson*, 931 F.2d at 209), and whether the unnamed parties are described in the factual allegations of the initial complaint, *Malasky*, 44 Conn. App. at 456 ("Although [defendant] was not named in the title of the CHRO complaint, he was named in its text. Thus, the plaintiff had ascertained the part he played in her allegations and did name him.").

2

Defendants argue that Plaintiff failed to exhaust her administrative remedies against DeLallo, Pouliot, and Boudin when she failed to timely name them in the initial administrative complaint and dispute that the identity of interest exception applies. (Defs.' Mem. in Supp. of Mot. to Dismiss, Ex. A to Defs.' Mot. [Doc. # 32-1] at 2, 8, 11.)[1] Plaintiff urges application of the exception because she specifically named DeLallo and Pouliot in the factual allegations of the complaint, initially filed *pro se*, and thus warrants the Court's protection "as a party not versed in the vagaries of Title VII," and because the remaining *Johnson* factors weigh in favor of granting her the exception. (Pl.'s Mem. in Opp. [Doc. # 40] at 5-6.)

While Defendants argue that, as a matter of law, neither the sophistication of the Plaintiff nor the inclusion of the unnamed parties in the body of the complaint should be considered, (Defs.' Mem. at 2), *Johnson* and its progeny contemplate protecting unsophisticated parties and the constructive notice achieved by naming individuals in the complaint's factual allegations, *Johnson*, 931 F.2d at 209; *Consolmagno*, 2011 WL 4804774 at *8. Therefore, both the status of Plaintiff's representation in her initial filing and the inclusion of the unnamed individuals in the factual allegations of the complaint will be considered in analyzing the application of the exception here.

---

[1] While Defendants initially attempt to draw a line between *Johnson* and *Malasky* because "reliance on *Malasky* is misplaced," (Defs.' Mem. at 9), they later acknowledge that "the Connecticut Appellate Court in *Malasky* sets forth the exact same four-factor test for identity of interest" as the Second Circuit's in *Johnson*, (Defs.' Reply [Doc. #41] at 41). Defendants argue that because *Johnson* names only four factors, analysis of "additional factors" like "whether the unnamed parties to the EEOC/CHRO claim had been identified by the complainant in the allegations of the EEOC/CHRO complaint, and whether the complainant had been represented by an attorney at the time he or she submitted the EEOC/CHRO complaint," should not be allowed. (Defs.' Reply at 41.)

### B. Application of Facts

The *pro se* nature of Plaintiff's initial filing weighs in favor granting the exception, as does the notice afforded to Defendants DeLallo and Pouliot by their identification in the factual allegations. The Court now turns to the *Johnson* factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
> 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
> 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
> 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party

*Johnson,* 931 F.2d at 210.

Factors two, three, and four favor Plaintiff. The interests of CT*Transit*, H.N.S. Management, and individual defendants DeLallo and Pouliot as its management employees appear to be so similar that the aim of reconciliation could not be negatively impacted by their omission, nor would the individual Defendants have been prejudiced by a lack of notice that they too were implicated since they would, at least, be involved in the formulation of Respondent's Answer. *See Malasky*, 44 Conn. App. at 456 (holding that an unnamed defendant did not suffer prejudice because "[t]he [CHRO] complaint against the corporate entities could not have been resolved without involving [the individual unnamed defendant]"). Additionally, in disciplining Plaintiff and eventually firing her, these Defendants acted under the authority of their management positions at H.N.S. Management as its agents. In sum, only the first factor weighs against Plaintiff as she was able to ascertain, at the time of filing of the initial administrative complaint, the names of the individual

4

Defendants she was accusing of unlawful discrimination and could have named them as respondents in the initial filing.[2]

On the balance, the *Johnson* factors favor application of the exception to Plaintiff's claims against the individual Defendants. However, Boudin was not named or described in the factual allegations of the initial complaint, and thus he would not have had sufficient notice of the factual allegations directed against him. Defendants also argue they should escape liability because "the Individual Defendants are not employees of the entity Plaintiff named as the respondent in her original CHRO complaint." (Defs.' Mem. at 12.) However, the intent of the exception is to protect litigants when complex corporate structures compromise their ability to properly name parties. The relationship between H.N.S. Management, CT*Transit*, and First Transit would not be evident to laypeople and will not be permitted to be used as a mechanism to avoid liability.

### III.    Conclusion

As discussed at oral argument, Plaintiff's failure to timely name or identify claims against Mr. Boudin will result in his dismissal. However, the Court finds the administrative exhaustion requirements as to DeLallo and Pouliot have been satisfied. Defendants' Motion to Dismiss [Doc. # 32] is DENIED as to DeLallo and Pouliot and GRANTED as to Boudin.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of November, 2020.

---

[2] The Court notes that the CHRO affidavit form asked Plaintiff for identification of the respondent, in the singular, which could have indicated to Plaintiff that only one respondent was appropriate.