UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMONDA T. ELKEY<br><br>*Plaintiff*,<br><br>*v.*<br><br>H.N.S. MANAGEMENT COMPANY, INC., D/B/A CT*TRANSIT*, FIRST TRANSIT, INC., D/B/A CT*TRANSIT*, LINDA DELALLO, and COLE POULIOT,<br><br>*Defendants*. | Civil No. 3:19-cv-01942-JBA<br><br>August 6, 2021 |

**ORDER AND RULING ON MOTION TO COMPEL**

Ramona Elkey brings suit against H.N.S. Management, CT*transit*, Linda DeLallo, and Cole Pouliot alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e and Conn. Gen. Stat. § 46a-60. As part of discovery, Defendant H.N.S. Management (HNS) submitted a privilege log identifying documents it claims are covered by attorney-client privilege and not subject to discovery [Doc. # 53-3].  Plaintiff moves to compel disclosure of those documents, arguing that the attorney-client privilege does not apply [Doc. # 53].

I.     **Background**

Plaintiff Elkey, an African-American woman, had been working at CT*transit* for seventeen years when Defendant Linda DeLallo, a white woman, was hired as her supervisor in the Hartford office. In July 2018, DeLallo lodged a complaint with CT*transit* against Ms. Elkey and two other employees, one African-American and one Hispanic, about their alleged unprofessional behavior. In response, Ms. Elkey and her coworkers submitted a written complaint to the company claiming that DeLallo's complaint was racially motivated. Cole

Pouliot, Orlena Cowen, and Michael Blondin of CT*transit* conducted internal investigations of both complaints and consulted with Attorney Loraine Cortese-Costa for guidance.

On August 18, 2018, Ms. Elkey was informed that the complaints about her had been substantiated, but her allegations about Ms. DeLallo had not been. After declining the demotion that CT*transit* offered her, she left the company and filed a complaint with the Connecticut Commission on Human Rights and Opportunities (CHRO) on December 13, 2018. The CHRO released jurisdiction and Plaintiff filed suit in this Court on December 10, 2019.

After Michael Blondin was dismissed from the case on November 23, 2020, the parties jointly moved to extend discovery twice, first on December 2, 2020 [Doc. # 46] and again on January 11, 2021 [Doc. # 49]. The Court granted both motions, extending the discovery deadline to April 16, 2021, but noted that no further extensions would be granted [Doc. # 50]. On the deadline for discovery, Plaintiff filed this motion to compel, requesting disclosure of the documents listed on the privilege log, the production of CT*transit* employee Mark Fallon for deposition, permission to re-examine witnesses Cowen and Blondin, and permission to depose DeLallo and Cortese-Costa about the contents of the withheld documents. (Pl.'s Mot. to Compel Disclosure [Doc. # 53].)

The Court heard argument on this motion on June 8, 2021, and, after determining that Plaintiff's motion was timely filed, requested delivery of the withheld documents for *in camera* review, which has now been concluded.

II.     **Analysis**

　　a.  *Privilege Log*

"The attorney-client privilege forbids an attorney from disclosing confidential communications obtained from the client during the course of professional consultations, . . . [and] the party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements." *United States v. Adlman*, 68 F.3d 1495, 1499-1500 (2d Cir. 1995).  The elements of attorney-client privilege are: "(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential[] and (3) was made for the purpose of obtaining or providing legal advice." *In re Cty. of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). However, not all advice sought from an attorney constitutes legal advice, and only that advice which "[f]undamentally [] involves the interpretation and application of legal principles to guide future conduct or to assess past conduct [and] requires a lawyer to rely on legal education and experience to inform judgment" is properly covered by the privilege. *Id.*

In *Koumoulis v. Indep. Fin. Mktg. Group, Inc.*, Judge Pamela K. Chen analyzed the intersecting world of human resources and legal representation, affirming the magistrate judge's determination that documents related to "business advice" provided by outside counsel to Defendant's human resources personnel were not protected by attorney-client privilege because the "documents showe[d] that [the attorney] was not a consultant primarily on legal issues, but instead [] helped supervise and direct the internal investigations primar[ily] as an adjunct member of Defendants' human resources team." 29 F. Supp. 3d 142, 146 (E.D.N.Y 2014) (internal quotations omitted). Acknowledging the "legal content" of human resources work, Judge Chen nevertheless concluded that human

3

resources "is part of the day-to-day operation of a business [and] is not privileged legal activity." *Id.* at 146 (internal quotations omitted). Thus, the documents, in which outside counsel advised management on how to conduct an internal investigation by

> instruct[ing] Defendants' human resources personnel on what actions (including disciplinary actions) should be taken, when to take those actions, and who should perform them; [telling] Defendants what should be documented and how it should be documented; draft[ing] written communications to [plaintiff] is [sic] responding to his complaints; [] draft[ing] scripts for conversations with [plaintiff] about his complaints, [and in which] Defendants reported the outcome of actions [] directed; asked [the attorney] what they should do next; and updated her on new developments,

*id.* at 147 (internal quotations omitted), are not covered by attorney-client privilege.

The documents withheld by Defendants here similarly pertain to the internal investigations about Plaintiff and Ms. DeLallo. In Documents HNS-PRIV000001-7, 187-192, 197-200, Attorney Cortese-Costa gives Ms. DeLallo and Mr. Pouliot feedback on the letters that DeLallo plans to give to Plaintiff and her coworkers regarding the outcome of the investigations.[1] In Documents HNS-PRIV000185-186, 193-194, Attorney Cortese-Costa advises Mr. Pouliot on what questions he should ask when interviewing employees in the course of the internal investigation. Documents HNS-PRIV000195-196, 201, 203, 692, mention completing the investigation, requesting feedback, and discussing scheduling. Document HNS-PRIV000201-202 is a draft of an email later sent to Plaintiff with her demotion letter attached, and documents HNS-PRIV000203-204 discuss scheduling a phone

---

[1] In one email, Attorney Cortese-Costa writes "from a legal standpoint, there is less concern with your writing the letter to Mark though, from a consistency standpoint, it makes sense to have one person do all." (HNS-PRIV000197.) Rather than defeat Plaintiff's claim that the documents are not privileged, this distinction confirms that Ms. DeLallo was not primarily seeking legal advice from Attorney Cortese-Costa, but rather human resources support.  This is corroborated by HNS-000700-704, an email from Blondin to Attorney Cortese-Costa regarding hiring her to do "part of the investigation."

call about a letter later sent to Plaintiff about her behavior. In Documents HNS-PRIV000205-211, Mr. Pouliot asks Attorney Cortese-Costa's advice on how best to respond to emails from another employee requesting information about the investigations, which ultimately led to the complaint filed by Plaintiff with *CTtransit.*

Documents HNS-PRIV000700-704 reflect communications sent between Mr. Pouliot, Mr. Blondin, and Ms. Cowen that discuss hiring Attorney Cortese-Costa.  These emails do not solicit legal advice from an attorney, but rather discuss hiring an attorney from whom they could, in the future, potentially solicit advice. Thus, these communications are not covered by attorney-client privilege.

Defendants argue that they have already "produced all notes taken during the DeLallo investigation[,] . . . all the notes taken during the Elkey investigation[,] Attorney Cortese-Costa's concluding document, and all email communications regarding Attorney Cortese-Costa's role as fact investigator," and maintain that Plaintiff's request to access the "privileged communications between Attorney Cortese-Costa and employees of HNS where Attorney Cortese-Costa was . . . providing advice and counsel regarding personnel issues, including the DeLallo investigation," should be denied. However, other than noting that Attorney Cortese-Costa had previously served as outside counsel, Defendants fail to describe how the withheld documents constitute legal advice. Defendants agree that the notes of the investigations are not privileged.[2] As in *Koumoulis*, Attorney Cortese-Costa acted as an adjunct to the human resources department, not as the company's attorney, in supporting Mr. Pouliot, Ms. Cowen, and Mr. Blondin through the investigatory process by giving

---

[2] Perhaps that concession explains why Documents HNS-000583, 594, and 638 are not marked "PRIV," like all the other documents, but nonetheless are claimed as "attorney-client work product" on the log.

interview tips and offering feedback on letters from upper management to employees. She was deposed as a fact witness for this lawsuit precisely because of her participation in the internal investigations and never represented CT*transit* in any legal proceedings regarding Plaintiff. Thus, the documents are not covered by attorney-client privilege, and their disclosure is compelled.

Defendant also withholds the handwritten notes of Attorney Cortese-Costa, HNS-PRIV000184 and HNS-000583, 594, 638, relating to her internal investigation, under the work product doctrine. The work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003). There is no evidence that Attorney Cortese-Costa was creating these documents in anticipation of litigation, but instead was reflecting developments in the human resources investigations in which she was involved. She was never retained on this case, and much of the focus of her advice could be seen as attempting to avoid litigation. None of her notes regarding the internal investigation are covered by the work product doctrine, and their production is compelled.

Upon production of these documents, Plaintiff is granted leave to depose Attorney Cortese-Costa and Ms. DeLallo about their contents.

### b.   Depositions of Blondin, Cowen, and Fallon

Plaintiff further seeks leave to re-depose Mr. Blondin and Ms. Cowen on the subject of their departures from CT*transit*, arguing that Defendants' counsel's "extended speaking objection" at Cowen's deposition and eleventh-hour threat to call off Mr. Blondin's deposition unless Plaintiff's counsel avoided that topic prevented Plaintiff's counsel from

properly questioning the witnesses.  The Court agrees that Defendants' counsel lengthy

objection, threat to move for sanctions, and suggestion that Ms. Cowen's testimony about her

departure from CT*transit* may violate a confidentiality agreement she had with the company

effectively chilled her responsiveness and hampered Plaintiff's ability to properly depose Ms.

Cowen, who was unrepresented at the deposition. (*See* Orlena Cowen's Dep., Ex. G to Pl.'s

Mot. to Compel [Doc. # 53-9] at 9-16 ("I can't direct her not to answer because she's not my

witness but I'm telling you that I will move to strike. And if the court [] rules in my favor on

this line of questions, then I would move for sanctions as well. But I'm not going to instruct

Ms. Cowan. She's not my witness. I'm just putting you on notice with regard to what I

consider the scope of what should be the questioning in this area and with regard to this

deposition, but if you want to push this, I can't stop you at this point. . . . [T]his is treading on

an issue of confidentiality. . . I think it's completely irrelevant, so I don't know what the basis

for this line of questioning would be. With regard to confidentiality. I don't think there's

attorney-client privilege with regard to whether she filed a complaint or not. . . . What she

wants to tell you about her own situation with the company is, you know, up to her but there

are constraints around it, as you know.").) *See also* Fed. R. Civ. P. 30(c)(2) ("An objection must

be stated concisely in a nonargumentative and nonsuggestive manner."). Additionally,

Defendants' counsel's email, sent an hour before the start of Mr. Blondin's deposition and

threatening to "stop the deposition" or "file a Motion for Protective Order" unless Plaintiff's

counsel agreed not to "ask Mr. Blondin about anything related to his leaving H.N.S.

Management," prevented Plaintiff's counsel from adequately deposing Mr. Blondin about

potentially relevant material into which counsel was entitled to inquire. (*See* Email from

Defs.' Counsel, Ex. H to Pl.'s Mot. to Compel [Doc. # 53-10] at 1.) Thus, Defendants are instructed to produce both Ms. Cowen and Mr. Blondin for deposition on these topics.

As Mr. Fallon appears to still be on medical leave and thus unavailable for deposition, Defendants are not required to produce him at this time.  However, in the event that Mr. Fallon returns from leave before the conclusion of these proceedings, Defendants will produce him for deposition.

### c.   Costs

In accordance with Federal Rules of Civil Procedure 30(d)(2) and 37(a)(5)(A), requiring nonmovants to pay a movant's reasonable attorney's fees if the movant's motion to compel is granted, the Court grants Plaintiff's request for reasonable costs and fees. *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring an award of fees unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust"). Plaintiff's properly supported application for reasonable fees and costs shall be filed in fourteen days.

**III.      Conclusion**

As none of the documents listed on the privilege log are shown to be covered by attorney-client privilege or the work product doctrine, all shall be produced immediately to Plaintiff's counsel. Additionally, Plaintiff is granted leave to depose Attorney Cortese-Costa and Ms. DeLallo on the previously withheld documents and Mr. Blondin and Ms. Cowen on the circumstances of their departures from CT*transit*.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 6th day of August 2021.